# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSEPH MLODZIANOWSKI, | § § | REMOVED FROM CAUSE NO. 2020CI16301 |
| *Plaintiff,* | § § | 288TH JUDICIAL DISTRICT BEXAR COUNTY |
| | § | |
| v. | § | CIVIL ACTION NO. 1:20-CV-988 |
| | § | |
| BRIAN MARKUS, | § § | |
| *Defendant.* | § | |

## NOTICE OF REMOVAL

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Brian Markus ("Markus") removes this action from the 288th Judicial District Court, Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division. In support of this Notice of Removal ("Removal"), Markus respectfully shows the Court as follows:

### I.

### STATEMENT OF GROUNDS FOR REMOVAL

1. This suit is an action in which this Court has original jurisdiction under 28 U.S.C. §1332, as it is an action between citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs. Thus, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. §1441 and 28 U.S.C. §1446.

2. Plaintiff Joseph Mlodzianowski ("Plaintiff") filed the Original Petition on or about August 26, 2020, in the 288th Judicial District Court, Bexar County, Texas, in Case No. 2020CI16301 styled *Joseph Mlodzianowski v. Brian Markus*. *See* Exhibit A.

3. In Plaintiff's Original Petition, Plaintiff alleges claims against Markus for breach of fiduciary duty, unjust enrichment, promissory estoppel, declaratory relief, defamation, fraudulent inducement and misrepresentation, and civil conspiracy. *Id*.

4. Markus was served on August 27, 2020.

## II.

## DIVERSITY OF CITIZENSHIP

5. Plaintiff is a natural person, so his citizenship for diversity purposes is determined by "where [he is] domiciled, that is, where [he has] a fixed residence with the intent to remain there indefinitely." *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, at *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)). At the time of the filing of Plaintiff's Original Petition and at the time of this Removal, Plaintiff is and was a citizen of the State of Texas and domiciled in San Antonio, Texas. *See* Exhibit A at ¶3. Accordingly, Plaintiff is a citizen of the State of Texas for purposes of determining diversity.

6. Defendant Markus is and was at the time of the filing of Plaintiff's Original Petition, a citizen of the State of California and is domiciled in El Dorado Hills, California. *See* Exhibit A at ¶4. Accordingly, Plaintiff is a citizen of the State of California for purposes of determining diversity.

7. Accordingly, this lawsuit is between citizens of different states, and complete diversity exists among the parties. Therefore, removal is proper under 28 U.S.C. §1332, and this Court has jurisdiction over these proceedings.

### III.

### AMOUNT IN CONTROVERSY

8. When a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003). A defendant can meet this burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000 or if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs. *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

9. While Plaintiff did not specify in the Original Petition the total amount of damages that he seeks to recover, Plaintiff pleads that his damages will be more than $100,000. *See* Exhibit A at ¶5. Therefore, it is apparent from the face of the pleading that the amount in controversy between Plaintiff and Markus exceeds $75,000, exclusive of interest and costs. *St. Paul Reins. Co.*, 134 F.3d at 1253.

### IV.

### PROCEDURAL REQUIREMENTS FOR REMOVAL

10. Markus files this Notice of Removal within 30 days of August 27, 2020, the date it received Plaintiff's Original Petition, which was the first pleading instituting this action against it and within the one year period set forth in 28 U.S.C. §1446(c). Markus files this Notice of Removal without waiving any objections, exceptions or defenses to Plaintiff's Original Petition, including but not limited to challenges to personal jurisdiction.

11. This Court embraces the locality in which the state court action is now pending and, thus, is a proper forum for this action pursuant to 28 U.S.C. §1441(a).

12. In accordance with 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served on all parties, and a copy is being filed with the Clerk of the 288th Judicial District Court of Bexar County, Texas.

13. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the following documents are being submitted with this Notice of Removal: (a) Plaintiff's Original Petition, *see* Exhibit A, and (b) a copy of the docket sheet in the state court action, *see* Exhibit B.

14. Bexar County, Texas is located within the Western District of Texas, San Antonio Division. Venue for this action is proper in this Court because the Western District of Texas, San Antonio Division is "the district and division embracing the place where such action is pending." 28 U.S.C. §§ 1441(a) and 1446(a).

15. Markus filed and presented herewith the sum of $400 to the Clerk of the United States District Court for the Western District of Texas as required by this Court with the Original Notice of Removal.

16. If any question arises as to the propriety of the removal of this action, Markus requests the opportunity to present a memorandum of law, evidence, and oral argument in support of the Notice and the removal of this action.

## V.

## **CONCLUSION**

17. WHEREFORE, Markus prays the Court hereby remove the state court action from the 288th Judicial District Court of Bexar County, Texas to the United States District Court for the Western District of Texas San Antonio Division.

Dated: September 25, 2020                Respectfully Submitted,

                                         /s/ Katherine P. Chiarello
                                         Katherine P. Chiarello
                                         Texas State Bar No. 24006994
                                         katherine@wittliffcutter.com

                                         WITTLIFF | CUTTER PLLC
                                         1209 Nueces Street
                                         Austin, Texas 78701
                                         Telephone:(512) 960-4524
                                         Facsimile: (512) 960-4869

                                         ***Attorney for Defendant Brian Markus***

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of September, 2020, a true and correct copy of the foregoing document was transmitted via First-Class mail and email to the following counsel of record.

Brendan Cook
Courtney E. Giles
BAKR & MCKENZIE LLP
700 Louisiana, Suite 3000
Houston, Texas 77002
brendan.cook@bakermckenzie.com
courtney.giles@bakermckenzie.com

                                         /s/ Katherine P. Chiarello
                                         Katherine P. Chiarello